LOUIS KUHN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28778. Promulgated March 31, 1931.

*Leo Mann, Esq., Louis Quarles, Esq.,* and *Malcom Whyte, Esq.,* for the petitioner.

*J. M. Leinenkugel, Esq.,* for the respondent.

976

**978**

McMahon: The sole question presented is whether the respondent erred in disallowing as a deduction from petitioner's gross income for the year 1925 the amount of $3,585.79 expended by petitioner in that year as attorneys' and accountants' fees in contesting an assessment of Wisconsin State income taxes for the years 1918 and 1920 against the petitioner. Section 214 of the Revenue Act of 1924 provides in part as follows:

(a) In computing net income there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *

Section 215 of the Revenue Act of 1924 provides in part as follows:

(a) In computing net income no deduction shall in any case be allowed in respect of—

(1) Personal, living, or family expenses.

Petitioner contends·that his business was that of a capitalist and that these fees constituted ordinary and necessary expenses of that business. The respondent has held that the assessment of the additional Wisconsin State income taxes which gave rise to the expenditures in question was predicated upon the receipt of income by petitioner upon the reorganization of a corporation in which petitioner held stock. This holding of the respondent is not controverted by the petitioner and is presumed to be correct. The evidence shows that the additional State taxes for the year 1920 were based upon an item of income·of $236,601 received in either the year 1919 or the year 1920 and not previously taxed. The evidence further shows that on July 19, 1919, the American Candy Company, in which petitioner held stock, was reorganized and that at that time or at some later time the petitioner received in cash $795,680 upon the sale of some of the stock of this reorganized corporation. From all the evidence we must conclude that it was the income from this transaction which gave rise to the additional State income taxes. The evidence also shows that the petitioner at sometime thereafter invested the amount of $795,680 which he received from the sale of that stock, in bonds and other stocks.

In support of his position that he was engaged in business as a capitalist, the petitioner introduced in evidence a list of his stock and bond holdings from sometime after July 19, 1919, until and including the year 1925, aggregating 80 items of a value of $795,-962.85. To determine whether the expenditures in question were ordinary and necessary expenses of petitioner's business, we are con-

cerned only with the nature of petitioner's business at the time of the transaction which resulted in the expenditures. There is no evidence to show that the petitioner was engaged, at the time he received the income from the sale of his American Candy Company stock, in the business of a capitalist. On the contrary, the evidence shows that it was not until he received this money that he extensively dealt in stocks and bonds. At the time in question petitioner's business, so far as the record shows, was that of president of the American Candy Company, officer and director of the First Acceptance Corporation, and director of the National Bank of Commerce. Certainly the sale by petitioner of a part of his stock in American Candy Company was not an incident of his duties as president of that company. *Frank C. Hermann,* 20 B. T. A. 899. It follows that the fees in question paid to contest the additional State income taxes for the year 1920 were not ordinary and necessary expenses of petitioner's business and are, therefore, not deductible.

We have no information as to the basis of the assessment of State income taxes for the year 1918 which the petitioner also contested and in which controversy the petitioner paid an undetermined portion of the fees in question. We are thus precluded by lack of evidence from determining whether that undetermined portion of the fees constituted ordinary and necessary business expenses. Even if the petitioner had proved that the expenditures relating to his State income tax liability for the year 1920 were ordinary and necessary business expenses, we would have to disallow the full amount of the claimed deductions, in view of the fact that petitioner has not shown what portion of the total fees were paid for service in the tax controversy for that year.

*Judgment will be entered for the respondent.*